SALVADOR MARRERO, peticionario y apelante, *v.* ERNESTO MELÉNDEZ, ALCAIDE, recurrido; y EL PUEBLO DE PUERTO RICO, opositor y apelado.

No. 4374.—*Sometido:* Mayo 20, 1931. *Resuelto* Mayo 26, 1931.

*García Méndez & García Méndez,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada una solicitud de *habeas corpus* por Salvador Marrero ante el Juez de Distrito de Aguadilla, el auto fué expedido, e investigada la causa de su prisión, el juez resolvió en pro de su legalidad. No conforme Marrero, apeló para ante esta Corte Suprema, habiendo sido oído por escrito y oralmente.

En la petición original se alega que Marrero está privado de su libertad, bajo la custodia del Alcaide de la Cárcel del Distrito de Aguadilla, a virtud de mandamiento expedido por el Fiscal del Distrito imputándole la comisión de un delito de asesinato en primer grado "lo que también consta de la acusación radicada", que se transcribe en la petición y que, en lo pertinente, dice:

"El referido acusado Salvador Marrero Marrero. . . . allá por el día 23 de marzo de 1930, y en el barrio Pezuelas del término municipal de Lares. . . . criminalmente, demostrando tener un corazón pervertido y maligno, con malicia premeditada, deliberación y propósito firme y decidido de asesinar ilegalmente al ser humàno Juana Sánchez, conocida por Juana Martínez, la acometió y agredió con un revólver, arma mortífera, haciéndole varios disparos con

dicha arma e infiriéndole dos ·heridas de bala. . . . falleciendo a consecuencia directa de la primera· herida de bala dicha Juana Sánchez, conocida por Juana Martínez, el día 5 de abril de mil novecientos treinta.''

El peticionario alegó que su prisión era ilegal por los siguientes motivos:

''A.—Porque imputándose al dicente de la faz de la acusación y del mandamiento un delito de asesinato en primer grado, resulta que el Hon. Fiscal de este Distrito no cuenta ni tiene prueba de especie alguna para justificar que él haya cometido tal delito; y porque en el caso hipotético de que el Hon. Fiscal del Distrito tenga o cuente con alguna prueba contra el peticionario, como consecuencia de los hechos expuestos en la acusación de que se ha hecho méritos, tal evidencia probaría *prima facie* un delito de homicidio voluntario u homicidio involuntario, pero jamás uno de asesinato en primer grado.

''B.—Porque el Hon. Fiscal de Distrito de este Distrito Judicial no tiene ni cuenta con evidencia para probar que el peticionario haya cometido el delito de asesinato en primer grado de que se le acusa, ni el de homicidio, ni delito alguno.''

Ya dijimos que el auto fué expedido. En la vista el fiscal introdujo parte de su prueba. En su resolución la corte de distrito analiza cuidadosamente la petición, la prueba y la ley sustantiva aplicable y termina así:

''De modo que por el lenguaje del estatuto y a la luz de la jurisprudencia tenemos que convenir, con vista de la prueba aportada por el Fiscal, que en este caso han militado los elementos genéricos necesarios requeridos por la ley para la existencia de un delito de Asesinato en Primer Grado y que, por tanto, la calificación hecha por el Sr. Fiscal de este Distrito, dentro de sus facultades legales, es correcta, debiéndose declarar, como declaramos, sin lugar la petición de *Habeas Corpus* presentada por el peticionario; decretando la cancelación de la fianza prestada por el mismo para permanecer en libertad provisional, ínterin se resolviera este caso.

''Se ordena, consecuentemente, el arresto del peticionario y se le señala una fianza de $10,000 para que pueda permanecer en libertad provisional en lo que se substancia y decide la causa en virtud de la cual se hallaba preso al interponer el presente recurso.''

Entrando en la consideración de la prueba aportada por

el Fiscal, encontramos que es suficiente para demostrar que fué el peticionario el que hizo el disparo que causó la muerte a Juana Martínez. Esto por sí solo es suficiente para concluir que el peticionario no fué encarcelado ''bajo una acusación criminal sin causa razonable o probable para ello, (artículo 483, Código de Enjuiciamiento Criminal, núm. 7), en ausencia de ninguna cuestión levantada en relación con la libertad bajo fianza, o de fianza excesiva. No hay necesidad de entrar a considerar dentro de este procedimiento de *habeas corpus* si la prueba presenta un verdadero caso de asesinato o sólo revela la comisión de un delito de homicidio, como pretende el apelante.

En *Ex parte Timothy*, 162 Cal. 241, la Corte Suprema se expresó así:

''El peticionario solicita un auto de hábeas corpus y pide su excarcelación de conformidad con el mismo, fundándose en que ha sido encarcelado a virtud de una acusación criminal sin causa razonable o probable (Código Penal, sec. 1487, inciso 7). El delito imputado es el de asesinato, y la evidencia revela que el peticionario hizo el disparo que causó la muerte a un tal J. J. Moore. Si el examen que hemos hecho de la prueba nos convenciera de que el peticionario ha sido detenido para responder sin causa razonable o probable, una amplia discusión de esa prueba sería pertinente y propia, pero, cuando, como aquí, el resultado de ese examen ha sido convencernos de que el peticionario no está detenido sin causa probable, tal discusión no puede servir para un fin útil, y tal vez resultaría perjudicial.''

*Debe confirmarse la resolución apelada.*